UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| COLONIAL SURETY COMPANY,<br>Plaintiff,<br><br>v.<br><br>JENNIFER M. LEONE,<br>KEVIN J. LEONE and<br>KEVIN LEONE d/b/a KEVIN'S<br>LANDSCAPING AND CONSTRUCTION<br>a/k/a KEVIN'S LAWN MAINTENANCE,<br>Defendants. | Case No. 04 10239 MEL<br><br>**VERIFIED COMPLAINT<br>AND REQUEST FOR<br>PRELIMINARY INJUNCTION**<br><br>MAGISTRATE JUDGE Alexander |

## INTRODUCTION

This is an action wherein the Plaintiff Colonial Surety Company ("Colonial") seeks indemnification, injunctive relief, and damages for breach of contract in connection with the failure and refusal of the Defendants, Jennifer M. Leone ("Mrs. Leone"), Kevin J. Leone ("Mr. Leone") and Kevin Leone d/b/a Kevin's Landscaping And Construction a/k/a Kevin's Lawn Maintenance ("Landscaping"), to perform in accordance with that certain General Indemnity Agreement dated February 23, 1998 and attached hereto as Exhibit A. Mrs. Leone, Mr. Leone and Landscaping are hereinafter collectively referred to as the "Defendants."

## JURISDICTION AND VENUE

Colonial is a corporation incorporated under the laws of the Commonwealth of Pennsylvania and having its principal place of business in the State of New Jersey. The Defendants Jennifer M. Leone and Kevin J. Leone are citizens of the Commonwealth of Massachusetts residing at 9 Progressive Street, Worcester, Worcester County,

Massachusetts and the Defendant Kevin Leone d/b/a Kevin's Landscaping And Construction a/k/a Kevin's Lawn Maintenance is operating at 9 Progressive Street, Worcester, Worcester County, Massachusetts. The matter in controversy will exceed, exclusive of interest and costs, the sum of $75,000.00. Venue is properly placed in this Court as the events giving rise to this claim occurred in this district.

## PARTIES

1. The Plaintiff Colonial Surety Company is a Pennsylvania surety company licensed to do business in Massachusetts with a place of business at 50 Chestnut Ridge Road, Montvale, New Jersey.

2. The Defendant Jennifer M. Leone is an individual residing at 9 Progressive Street, Worcester, Worcester County, Massachusetts.

3. The Defendant Kevin J. Leone is an individual residing at 9 Progressive Street, Worcester, Worcester County, Massachusetts.

4. The Defendant Kevin Leone d/b/a Kevin's Landscaping And Construction a/k/a Kevin's Lawn Maintenance is operating at 9 Progressive Street, Worcester, Worcester County, Massachusetts.

## FACTS

5. Colonial is in the business of, *inter alia*, issuing performance and payment bonds on behalf of contractors to secure the contractors' performance of contracts on public and private construction projects.

6. Landscaping is in the construction business.

7. In or prior to February 1998, Landscaping requested Colonial, as surety, provide to Landscaping, as principal, performance bonds and labor and material payment bonds for various construction projects in Massachusetts.

8. On February 28, 1998, and to induce Colonial to issue performance bonds and labor and material payment bonds, the Defendants executed a General Indemnity Agreement ("Indemnity Agreement") in favor of Colonial. Exhibit A.

9. As a direct and proximate result of the Defendants executing the Indemnity Agreement, Colonial, as surety, issued a Performance Bond ("Bond") on behalf of Landscaping, as principal, to the Town Of Kingston, as obligee, for the public construction project known as the Pottle Street Athletic Fields in and for the Town of Kingston, Massachusetts ("Project"). Exhibit B.

10. Pursuant to the terms and conditions of the Indemnity Agreement, the Defendants are required "to indemnify and save harmless [Colonial] from and against any and all (i) demands, liabilities, loss, costs, damages or expenses of whatever nature or kind, including fees of attorneys and all other expenses, ...." Exhibit A, ¶3.

11. Pursuant to the terms and conditions of the Indemnity Agreement, "[Colonial] shall have the right in its sole discretion to determine whether any claims shall be paid, compromised, defended, prosecuted or appealed." Exhibit A, ¶4(A).

12. Pursuant to the terms and conditions of the Indemnity Agreement, "[Landscaping] shall be in Default with respect to a Contract if any of the following occur: . . . B. Any beneficiary of a Bond or obligee (Town) of a Contract declares [Landscaping] to be in default." Exhibit A, ¶5(B).

13. Pursuant to the terms and conditions of the Indemnity Agreement, "[i]f a claim is made against [Colonial], or if [Colonial] deems it necessary to establish a reserve for potential claims, and upon demand from [Colonial], [the Defendants] shall deposit with [Colonial] cash or other property acceptable to [Colonial] . . . ." Exhibit A, ¶7.

14. Pursuant to the terms and conditions of the Indemnity Agreement, the Defendants "assign[ed], transfer[ed], pledg[ed] and convey[ed] to [Colonial] any and all . . . rights in connection with any Contract, including but not limited to: . . . 3. all accounts receivable, including any and all sums due or which may thereafter become due under a Contract. . . ." Exhibit A, ¶8(A)(1).

15. Pursuant to the terms and conditions of the Indemnity Agreement, the Defendants "irrevocably nominat[ed], consitut[ed], appoint[ed] and designat[ed] [Colonial] or its designee as their attorney-in-fact with the right . . . to make, execute and deliver any and all . . . releases." Exhibit A, ¶9.

16. The Town, on November 15, 2002, declared Landscaping in default. Exhibit C.

17. The Town, on January 3, 2003, terminated Landscaping and demanded Colonial, pursuant to the Bond, complete the work of the Project. Exhibit D.

18. As a direct and proximate result of Colonial's issuance of the Bond to Landscaping, as principal, to and in favor of the Town, as obligee, the Town made claim against Colonial. Exhibit E.

19. Colonial, pursuant to the terms and conditions of the Indemnity Agreement, demanded Landscaping establish a reserve with Colonial as a result of the Town's default, termination, and demand Colonial complete the work of the Project. Exhibits F and G.

20. Despite repeated written demands from Colonial to Landscaping, Exhibits F through J, Landscaping failed to respond to Colonial, failed to establish the reserve demanded by Colonial, or to remedy the default and termination.

21. Colonial, failing a response from Landscaping or the remedy of the default and termination and pursuant to the terms and conditions of the Indemnity Agreement, compromised the Town's claim and executed an Agreement Of Release in favor of the Town. Exhibit K.

22. Pursuant to the Agreement Of Release between Colonial and the Town, Colonial received an assignment of the Town's claim against Landscaping and further agreed to indemnify the Town from Landscaping. Exhibit K.

23. Landscaping has, upon information and belief, brought suit against the Town. Kevin Leone d/b/a Kevin's Landscaping and Construction v. Town of Kingston et al., Plymouth Superior Court, C. A. No. 04-00011 B ("Superior Court Case").

24. Pursuant to the Agreement Of Release, the Town has demanded Colonial indemnify the Town for any damages sustained as a result of Landscaping's claims in the Superior Court Case.

25. Pursuant to the terms and conditions of the Indemnity Agreement, Colonial has the right to dismiss Landscaping's claims against the Town in the Superior Court Case. Exhibit A, ¶9.

26. As a direct and proximate result of Colonial's execution of the Bond for Landscaping, Colonial has sustained immediate losses of $1,031.61 and potential losses in excess of $80,000.00.

27. Further and pursuant to the Agreement Of Release, Colonial, as the assignee of the Town, has claims of no less then $55,230.10 against Landscaping.

28. Colonial has made repeated demand of the Defendants for the following as permitted by the Indemnity Agreement: (i) indemnification (exh. A at ¶3); and (ii) security (exh. A at ¶7). Exhibits F and G.

29. Despite demand, the Defendants have failed and refused to indemnify Colonial nor have the Defendants provided security.

30. As a result of the claim against Colonial arising out of Landscaping's failure to perform in accordance with the terms and conditions of the Bond, Indemnity Agreement and Agreement Of Release, Colonial is compelled to incur further legal fees and related expenses.

31. Given the language of the Indemnity Agreement and the repeated failures and refusals of the Defendants, Colonial has a reasonable likelihood of success on the merits.

32. Colonial will suffer irreparable harm if the preliminary injunction is denied as the funds and property of the Defendants will be forever lost, concealed and converted with no ability to recover same.

33. The harm to be suffered by Colonial exceeds the harm which may be suffered by the Defendants if the preliminary injunction were to issue as the funds and property encumbered will be used only to satisfy debts incurred and owed by the Defendants.

## COUNT ONE – BREACH OF CONTRACT

34. Colonial realleges the allegations contained in paragraphs 1 through 33 above as if fully set forth herein.

35. By reason of the claim against Colonial arising out of Landscaping's failure to perform in accordance with the terms and conditions of the Bond issued by Colonial, Colonial has been compelled to incur legal fees and related expenses totaling $1,031.61 and may incur losses in excess of $80,000.00. The Defendants' failure to perform in accordance with the Bond and failure to reimburse Colonial constitute breaches of the Indemnity Agreement.

36. All conditions precedent to the maintenance of this action have been performed.

## COUNT TWO – INDEMNIFICATION

37. Colonial realleges the allegations contained in paragraphs 1 through 33 above as if fully set forth herein.

38. Pursuant to Colonial's common law rights and the rights set forth in the Indemnity Agreement, the Defendants are required to hold Colonial harmless from any loss, costs, damage or expenses including attorneys' fees and interest.

39. The Defendants have failed to indemnify Colonial.

## COUNT THREE – QUIA TIMET

40. Colonial realleges the allegations contained in paragraphs 1 through 33 above as if fully set forth herein.

41. Paragraph 7 of the Indemnity Agreement provides that "[I]f a claim is made against [Colonial], or if [Colonial] deems it necessary to establish a reserve for potential claims, and upon demand from [Colonial], [the Defendants] shall deposit with [Colonial] cash or other property acceptable to [Colonial]...."

42. Colonial has reasonable grounds to believe that it will suffer losses in the future as Landscaping refuses to dismiss the Superior Court Case.

43. The Defendants are liable for the future debt incurred by Colonial as a result of Landscaping's refusal to dismiss the Superior Court Case.

44. In accordance Paragraph 7 of the Indemnity Agreement, Colonial made demand upon the Defendants to place Colonial in funds, i.e.: deposit or post cash or other property with Colonial as security for the likely future debt to be incurred by Colonial on behalf of the Defendants.

45. Colonial will be prejudiced because it will be forced to advance funds on behalf of Landscaping.

46. The Defendants failed and refused to place Colonial in funds.

## COUNT FOUR – EXONERATION

47. Colonial realleges the allegations contained in paragraphs 1 through 33 above as if fully set forth herein.

48. Colonial has suffered losses as a result of Landscaping's default on its primary obligations to the Obligee.

49. The Defendants are liable for the amounts paid by Colonial on behalf of Landscaping.

50. In accordance therewith, Colonial made demand upon the Defendants to reimburse Colonial.

51. The Defendants failed and refused to reimburse Colonial.

## COUNT FIVE – SPECIFIC PERFORMANCE

52. Colonial realleges the allegations contained in paragraphs 1 through 51 above as if fully set forth herein.

53. Pursuant to the terms and conditions of the Indemnity Agreement, the Defendants agreed: to place Colonial in funds before Colonial makes any payments for demands, liabilities, loss, costs, damages or expenses; and to indemnify and save harmless Colonial from and against any and all demands, liabilities, loss, costs, damages or expenses.

54. Colonial demanded the Defendants comply with the terms and conditions of the Indemnity Agreement.

55. The Defendants have failed and refused to comply with the terms and conditions of the Indemnity Agreement.

## COUNT SIX – DECLARATORY JUDGMENT

56. Colonial realleges the allegations contained in paragraphs 1 through 33 above as if fully set forth herein.

57. Pursuant to the terms and conditions of the Indemnity Agreement, Colonial has the right to dismiss Landscaping's claims against the Town in the Superior Court Case.

WHEREFORE the Plaintiff demands the following:

a. Judgment against the Defendants, jointly and severally, pursuant to Counts One through Four in an amount to be determined at the time of trial plus interest, costs, attorneys' fees and any other expenses that may or will be incurred by Colonial; and

b. The Court enter a mandatory Preliminary Injunction ordering the Defendants, jointly and severally, to specifically perform in accordance with the terms and conditions of the Indemnity Agreement, to wit, to place Colonial in funds in the amount of $100,000.00; and

c. The Court declare Colonial has the right to dismiss Landscaping's claims in the Superior Court Case; and

d. The Court enter a mandatory preliminary injunction ordering Landscaping to refrain from prosecuting or pursuing in any way the Superior Court Case; and

e. The Court enter a mandatory preliminary injunction ordering the Defendants to allow Colonial immediate and continuing access to, or to turn over to Colonial forthwith, all Landscaping's accounts and financial records including but not limited to bank statements, cancelled checks, books of original entry, general journals, computer files, account payable ledgers, account receivable ledgers, loan obligation records, paid and unpaid invoices, cost receipt journals and contract files; and

f. The Court enter a preliminary injunction enjoining the Defendants from transferring, selling, assigning, encumbering or in any way attempting to pass outside their control: (i) the proceeds from Landscaping's contracts; and (ii) all accounts receivable of the Defendants; and

g. The Court enter a preliminary injunction enjoining the Defendants from transferring, selling, assigning, encumbering or in any way attempting to pass outside their control any real and/or personal property; and

h. That the Court authorize and issue a Notice Of Lis Pendens regarding the land and buildings located at 9 Progressive Street, Worcester and 5 Harbuck Road, Sutton, Massachusetts; and

i. Such other relief as this Court deems just and proper.