UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

Case No. 04 10239 MEL

COLONIAL SURETY COMPANY,
    Plaintiff,

v.

JENNIFER M. LEONE,
KEVIN J. LEONE and
KEVIN LEONE d/b/a KEVIN'S
LANDSCAPING AND CONSTRUCTION
a/k/a KEVIN'S LAWN MAINTENANCE,
    Defendants.

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED YES
LOCAL RULE 4.1 ____
WAIVER FORM ____
MCF ISSUED ____
BY DPTY. CLK. _____
DATE 2/3/04

## INTRODUCTION

This is an action wherein the Plaintiff Colonial Surety Company ("Colonial") seeks indemnification, injunctive relief, and damages for breach of contract in connection with the failure and refusal of the Defendants Jennifer M. Leone ("Mrs. Leone"), Kevin J. Leone ("Mr. Leone") and Kevin Leone d/b/a Kevin's Landscaping And Construction a/k/a Kevin's Lawn Maintenance ("Landscaping"), to perform in accordance with that certain General Indemnity Agreement dated February 23, 1998 and attached to the Verified Complaint as Exhibit A. Mrs. Leone, Mr. Leone and Landscaping are hereinafter collectively referred to as the "Defendants."

## FACTUAL HISTORY

Colonial is a Pennsylvania surety company licensed to do business in Massachusetts. Colonial is in the business of, *inter alia*, issuing performance bonds and labor and material payment bonds on behalf of contractors to secure the contractors' performance of contracts on public and private construction projects. Landscaping is in

the construction business. In or prior to February 1998, Landscaping requested Colonial, as surety, provide to Landscaping, as principal, performance bonds and labor and material payment bonds for various construction projects in Massachusetts. On February 28, 1998, and to induce Colonial to issue performance bonds and labor and material and payment bonds, the Defendants executed a General Indemnity Agreement ("Indemnity Agreement") in favor of Colonial. Exhibit A to the Verified Complaint.

As a direct and proximate result of the Defendants executing the Indemnity Agreement, Colonial, as surety, issued a Performance Bond ("Bond") on behalf of Landscaping, as principal, to the Town Of Kingston, as obligee, for the public construction project known as the Pottle Street Athletic Fields in and for the Town of Kingston, Massachusetts ("Project"). Exhibit B to the Verified Complaint.

The terms and conditions of the Indemnity Agreement provide and require the following:

1. The Defendants "indemnify and save harmless [Colonial] from and against any and all (i) demands, liabilities, loss, costs, damages or expenses of whatever nature or kind, including fees of attorneys and all other expenses, ...." Exhibit A to the Verified Complaint, ¶3.

2. "[Colonial] shall have the right in its sole discretion to determine whether any claims shall be paid, compromised, defended, prosecuted or appealed." Exhibit A to the Verified Complaint, ¶4(A).

3. "[Landscaping] shall be in Default with respect to a Contract if any of the following occur: . . . B. Any beneficiary of a Bond or obligee (Town) of a Contract declares [Landscaping] to be in default." Exhibit A to the Verified Complaint, ¶5(B).

4. "If a claim is made against [Colonial], or if [Colonial] deems it necessary to establish a reserve for potential claims, and upon demand from [Colonial], [the Defendants] shall deposit with [Colonial] cash or other property acceptable to [Colonial] . . . ." Exhibit A to the Verified Complaint, ¶7.

5. The Defendants "assign[ed], transfer[ed], pledg[ed] and convey[ed] to [Colonial] any and all . . . rights in connection with any Contract, including but not limited to: . . . 3. all accounts receivable, including any and all sums due or which may thereafter become due under a Contract. . . ." Exhibit A to the Verified Complaint, ¶8(A)(1).

6. The Defendants "irrevocably nominat[ed], consitut[ed], appoint[ed] and designat[ed] [Colonial] or its designee as their attorney-in-fact with the right . . . to make, execute and deliver any and all . . . releases." Exhibit A to the Verified Complaint, ¶9.

The Town, on November 15, 2002, declared Landscaping in default. Exhibit C to the Verified Complaint. The Town, on January 3, 2003, terminated Landscaping and demanded Colonial, pursuant to the Bond, complete the work of the Project. Exhibit D to the Verified Complaint. As a direct and proximate result of Colonial's issuance of the Bond to Landscaping, as principal, to and in favor of the Town, as obligee, the Town made claim against Colonial. Exhibit E to the Verified Complaint. Colonial, pursuant to the terms and conditions of the Indemnity Agreement, demanded Landscaping establish a reserve with Colonial as a result of the Town's default, termination, and demand Colonial complete the work of the Project. Exhibits F and G to the Verified Complaint. Despite repeated written demands from Colonial to Landscaping, Exhibits F through J to the Verified Complaint, Landscaping failed to respond to Colonial, failed to establish the reserve demanded by Colonial, or to remedy the default and termination.

Colonial, failing a response from Landscaping or the remedy of the default and termination and pursuant to the terms and conditions of the Indemnity Agreement, compromised the Town's claim and executed an Agreement Of Release in favor of the Town. Exhibit K to the Verified Complaint. Pursuant to the Agreement Of Release between Colonial and the Town, Colonial received an assignment of the Town's claim

against Landscaping and further agreed to indemnify the Town from Landscaping. Exhibit K to the Verified Complaint.

Landscaping has, upon information and belief, brought suit against the Town. Kevin Leone d/b/a Kevin's Landscaping and Construction v. Town of Kingston et al., Plymouth Superior Court, C. A. No. 04-00011 B ("Superior Court Case").

Pursuant to the Agreement Of Release, the Town has demanded Colonial indemnify the Town for any damages sustained as a result of Landscaping's claims in the Superior Court Case. Pursuant to the terms and conditions of the Indemnity Agreement, Colonial has the right to dismiss Landscaping's claims against the Town in the Superior Court Case. Exhibit A to the Verified Complaint, ¶9.

As a direct and proximate result of Colonial's execution of the Bond for Landscaping, Colonial has sustained immediate losses of $1,031.61 and potential losses in excess of $80,000.00. Further and pursuant to the Agreement Of Release, Colonial, as the assignee of the Town, has claims of no less then $55,230.10 against Landscaping.

Colonial has made repeated demand of the Defendants for the following as permitted by the Indemnity Agreement: (i) indemnification (Exhibit A to the Verified Complaint at ¶3); and (ii) security (Exhibit A to the Verified Complaint at ¶7). Exhibits F and G to the Verified Complaint. Despite demand, the Defendants have failed and refused to indemnify Colonial nor have the Defendants provided security.

As a result of the claim against Colonial arising out of Landscaping's failure to perform in accordance with the terms and conditions of the Bond, Indemnity Agreement and Agreement Of Release, Colonial is compelled to incur further legal fees and related expenses.

Given the language of the Indemnity Agreement and the repeated failures and refusals of the Defendants, Colonial has a reasonable likelihood of success on the merits. Colonial will suffer irreparable harm if the preliminary injunction is denied as the funds and property of the Defendants will be forever lost, concealed and converted with no ability to recover same. The harm to be suffered by Colonial exceeds the harm which may be suffered by the Defendants if the preliminary injunction were to issue as the funds and property encumbered will be used only to satisfy debts incurred and owed by the Defendants.

## ARGUMENT

It is well established in the First Circuit that a plaintiff requesting injunctive relief must satisfy the following requisites justifying the Court's imposition of a preliminary injunction: (1) the movant has exhibited a likelihood of success on the merits; (2) the movant will suffer irreparable injury if the injunction is not granted; (3) such injury outweighs any harm which granting injunctive relief would inflict on the defendant; and (4) the public interest will not be adversely affected by granting of the injunction. Sierra Club v. Larson, 769 F.Supp. 420, 422 (D.Mass. 1991). Further, the First Circuit has emphasized each of the foregoing requisite elements must be independently satisfied by the movant. Sierra Club at 422.

Colonial seeks preliminary injunctive relief requiring the following of the Defendants:

   a. To place Colonial in funds, through collateral, cash or otherwise, in the amount of $100,000.00; and to reimburse Colonial for losses to date; and

b. To allow Colonial immediate and continuing access to, or to turn over to Colonial forthwith, all accounts and financial records of the Defendants; and

c. Refrain from transferring, selling, assigning, encumbering or in any way attempting to pass outside their control: (i) any and all proceeds from contracts between the Defendants and any other person or entity; and (ii) all accounts receivable of the Defendants.

## I. Colonial's Likelihood of Success.

Pursuant to the Indemnity Agreement, Colonial has absolute rights to indemnification from the Defendants[1]; to cash collateral[2]; to all information regarding the projects bonded by Colonial, and the Defendants financial status[3], therefore, Colonial's likelihood of success is determined. However, Colonial is unable to determine the extent of its losses and for this precise reason, no available legal remedy, Colonial is entitled to a preliminary injunction enforcing the Indemnity Agreement including the Indemnity provision; the Collateral Security provision; and the provisions regarding information disclosure. Exhibit A to the Verified Complaint, ¶¶3, 7 and 10(I) respectively. The Indemnity provision requires the Defendants immediately reimburse Colonial all sums paid by Colonial as a result of Kandscaping's default under the Bond. The Collateral Security provision requires the Defendants to place Colonial in funds before Colonial makes any payments for demands, liabilities, loss, costs, damage or expenses. The Indemnity Agreement further requires the Defendants provide updated financial

---

[1] The Defendants are required "to indemnify and save harmless [Colonial] from and against any and all (i) demands, liabilities, loss, costs, damage or expenses of whatever nature or kind including fees of attorneys and all other expenses, . . . ." Exhibit A to the Verified Complaint, ¶3.
[2] "[I]f a claim is made against [Colonial], or if [Colonial] deems it necessary to establish a reserve for potential claims, and upon demand from [Colonial], [the Defendants] shall deposit with [Colonial] cash or other property acceptable to [Colonial] . . . ." Exhibit A to the Verified Complaint, ¶7.
[3] "Surety shall have the right to free access to the books, records and accounts of the indemnitor . . . ." Exh. A to the Verified Complaint, ¶10(I).

6

statements and information and to provide an accounting of the project's payments. Despite demand, the Defendants have failed and refused to honor their obligations pursuant to the Indemnity Agreement and, there being no legal remedy available to Colonial, the Court must grant Colonial injunctive relief. Milwaukie Constr. Co., Inc. v. Glens Falls Ins. Co., 367 F.2d 964 (9th Cir. 1966) (where the surety knew it was going to have liability claims filed against it but did not know the amount of those claims, the legal remedy of damages is not adequate).

## II. Colonial's Irreparable Harm And The Hardship To Colonial Versus The Hardship To The Defendants.

The irreparable harm prong is satisfied if the movant establishes that if the injunction is not granted, the movant is likely to suffer irreparable injury before a decision on the merits is rendered. "Irreparable injury is that injury for which money damages are not adequate compensation." Sierra Club at 422. Establishing irreparable harm requires the movant to demonstrate an actual, viable, and existing threat of serious harm. Massachusetts Coalition of Citizens with Disabilities v. Civil Defense Agency & Office of Emergency Preparedness, 649 F.2d 71, 74 (1st Cir. 1981).

The irreparable harm to Colonial is the Defendants refusal to cooperate; to indemnify; and/or to secure Colonial. Landscaping's obvious inability to complete the project leaves Colonial with no security and simply its obligations under the Bond to pay the Defendants' bills. Colonial's harm is not remote or speculative, but is actual and imminent. The Defendants were terminated from the Project and demand was made upon Colonial, as surety, to complete the Defendants' work, and/or to pay for the costs thereof, in accordance with Colonial's bond. Accordingly, pursuant to the Indemnity Agreement (Exhibit A to the Verified Complaint, ¶3) Colonial made repeated demand of the

7

Defendants for indemnification and additional security. Despite Colonial's demands, the Defendants have failed and refused to indemnify Colonial nor have the Defendants provided additional security to Colonial. As time passes the Defendants will possess no remaining assets with which to indemnify Colonial. A preliminary injunction must be granted to maintain the status quo; to protect Colonial; and to prevent the misappropriation of the Project's proceeds previously collected by the Defendants. Accordingly, Colonial's harm is clear and present and the Court's relief is necessary to prevent irreparable harm to Colonial.

### III.     The Balance of Hardship Weighs in Favor of Colonial.

Colonial's injury, if not awarded the preliminary injunction, outweighs the potential harm to the Defendants. First, given Colonial's strong likelihood of success, the balance of hardships weighs heavily in Colonial's favor. In determining the appropriate preliminary injunctive relief, if any, to be granted, the Court must also consider the hardships that will be imposed on either side. See Accusoft Corporation v. Palo, 923 F.Supp. 290, 297 (D.Mass. 1996). Second, while the Defendants will be temporarily deprived of their assets, the Defendants will not experience any hardship as any sums collected or secured will be used to satisfy the obligations of the Defendants. Colonial has established that Colonial faces a tangible risk of having to defend Landscaping's lawsuit against the Town as a result of Landscaping's failures at the Project and, pursuant to the Defendants' default of the Indemnity Agreement and the Defendants' refusal to indemnify Colonial or provide security, Colonial suggests the Defendants will dissipate or conceal their assets leaving Colonial without a source of recovery.

IV. **The Public Interest.**

The public interest in the integrity of contractual relations is furthered by the issuance of a preliminary injunction in a case such as the instant action, because the public has an interest in seeing that contracts between consenting parties are honored. See Boston Celtics Limited Partnership v. Shaw, 908 F.2d 1041, 1049 (1st Cir. 1990). Accordingly, issuance of the preliminary injunction will not harm the public.

## CONCLUSION

WHEREFORE, the Plaintiff Colonial Surety Company demands the following:

a. The Court enter a mandatory Preliminary Injunction ordering the Defendants, jointly and severally, to specifically perform in accordance with the terms and conditions of the Indemnity Agreement, to wit, to place Colonial in funds in the amount of $100,000.00; to reimburse Colonial for losses to date; to provide updated financial statements; and to provide an accounting of the Projects' payments; and

b. The Court to enter a mandatory preliminary Injunction ordering the Defendants to allow Colonial immediate and continuing access to, or to turn over to Colonial forthwith all Defendants' accounts and financial records including but not limited to bank statements, cancelled checks, books of original entry, general journals, computer files, account payable ledgers, account receivable ledgers, loan obligation records, paid and unpaid invoices, cost receipt journals and contract files; and

c. The Court enter a Preliminary Injunction enjoining the Defendants from transferring, selling, assigning, encumbering or in any way attempting to pass

outside their control any and all the proceeds from contracts between the Defendants and any other person or entity; and

d. The Court enter a Preliminary Injunction enjoining the Defendants from accepting, receiving or in any way attempting to pass outside their control all accounts receivable; and

e. That the Court authorize and issue a Notice of Lis Pendens regarding the land and buildings located at 9 Progressive Street, Worcester, Worcester County, Massachusetts and 5 Harbuck Road, Sutton, Worcester County, Massachusetts; and

f. Such other relief as this Court deems just and proper.

COLONIAL SURETY COMPANY
By its attorneys,

Date: 02/03/04

Francis A. Shannon, III, Esq.
BBO # 560651
Shannon Law Associates, Inc.
One Bowdoin Square, 9th Floor
Boston, MA 02114
(617) 263-1313

1606:015:memoPI